IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB 22  A 9 36

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

|  |  |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * |
|  | * |
| **Plaintiff,** | * |
|  | * |
| v. | * |
|  | * |
| ATLANTIC HOTEL MANAGEMENT, INC., et al., | * |
|  | * |
| **Defendants.** | * |
|  | * |

Case No.: GJH-15-0888

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Choice Hotels International, Inc. ("Choice Hotels") has filed an Application to Confirm Arbitration Award against Atlantic Hotel Management, Inc. ("Atlantic") and Rajesh Rawal. ECF No. 1. This Memorandum Opinion and accompanying Order address Plaintiff's request that the Court enter judgment by default against Defendants in the amount of $303,084.98, together with interest at the post judgment rate until paid, plus $400.00 for the cost of this action. ECF No. 6 at ¶ 3. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Plaintiff's motion for default judgment is GRANTED, in part, and DENIED, in part.

### I.    BACKGROUND

Plaintiff Choice Hotels International, Inc. filed a claim against Defendants Atlantic Hotel Management, Inc. and Rajesh Rawal with the American Arbitration Association ("AAA"). ECF No. 1 at ¶ 1. On July 24, 2014, Arbitrator Janice Burnham ("Arbitrator") held a preliminary hearing after due notice of the hearing had been given to Defendants. ECF No. 1-1 at ¶ 1. After

submissions by the Plaintiff, and Defendants not submitting evidence or arguments for consideration, the Arbitrator closed the hearing on December 8, 2014. ECF No. 1-1 at ¶ 2.

The Arbitrator decided in favor of Choice Hotels in the "sum of $303,084.98 ($297,884.98 for unpaid and past due royalty and franchise fees, interest on unpaid principal sums, and liquidated damages, and $5,200.00 for administrative expenses and arbitrator compensation)." ECF No. 1 at ¶ 2. Additionally, the Arbitrator decided that Plaintiff's "reasonable attorneys' fees and costs shall be bourne by Respondents, jointly and severally." ECF No. 1-1 at ¶ 6.

Plaintiff filed its Application to Confirm Arbitration Award on March 30, 2015, ECF No. 1, and submitted a Return of Service as proof that both Defendants were served on May 3, 2015, ECF No. 4. The time for Defendants to plead or otherwise defend expired on May 26, 2015. *See* ECF Nos. 4, 8. On June 9, 2015, Plaintiff filed a Request for Judgment by Default, attaching an affidavit of Zachary Berge and the Award of Arbitrator. ECF No. 6. The Clerk entered an Order of Default on July 16, 2015. ECF No. 8.

On July 22, 2015, the Court ordered Plaintiff to supplement its motion for default judgment to provide the Court with information sufficient to show that the arbitration was conducted pursuant to the parameters set forth in the arbitration clause of the parties' contract. ECF No. 9. Specifically, the Court noted that "the parties' arbitration clause indicates that the arbitration shall take place in Maryland and the arbitrator shall apply Maryland law, yet Plaintiff's submission does not indicate where the arbitration took place or what law was applied." *Id.*

Plaintiff submitted a supplemental affidavit of Zachary Berge on August 5, 2015. ECF No. 10. In Berge's supplemental affidavit, he stated, "the underlying dispute was submitted to

2

the American Arbitration Association ("AAA") for resolution in accordance with the terms of the parties' Arbitration agreement." *Id.* at ¶ 3. The Arbitrator conducted the arbitration and issued its award pursuant to the terms of the "parties' arbitration agreement by applying the substantive law of the State of Maryland and by following the [AAA's] Commercial Rules of Procedure." ECF No. 10 at ¶¶ 4, 10. Additionally, while "no in-person hearing was held in the State of Maryland, the parties were given the notice and opportunity to pursue the claim in-person in the State of Maryland." ECF No. 10 at ¶ 7.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure ("Rule") 55(a), the Clerk must enter a party's default upon "a showing that a party against whom judgment is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the Clerk has entered a default, the Plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011). The Fourth Circuit has a strong policy that cases be decided on the merits, but "default judgment is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (citation and quotation marks omitted). Whether a plaintiff is entitled to entry of a default judgment is left to the discretion of the Court. *Choice Hotels Int'l v. Savannah Shakti Corp.*, DKC-11-0438, 2011 U.S. Dist. LEXIS 123162, at *2 (D. Md. Oct. 25, 2011).

In considering a motion for default judgment, the Court "takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages." *Choice Hotels Int'l, Inc. v. Vishal, Inc.*, No. PWG-13-2078, 2014 U.S. Dist. LEXIS 160347, at * 6 (D. Md. Nov. 14, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). "If the Court finds that 'liability is established, it must then determine the appropriate amount of

3

damages.'" *Id.* at *7. Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

"When a motion for default judgment is based on an arbitration award, the plaintiff 'must show that it is entitled to confirmation of the award as a matter of law.'" *Choice Hotels Int'l, Inc. v. Mander*, No. GJH-14-3159, 2015 U.S. Dist. LEXIS 53551, at *5 (D. Md. Apr. 22, 2015) (citation omitted). Under the Federal Arbitration Act, a court may confirm an arbitration award "if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9 (2012). A court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted). The Court must confirm the arbitration award "unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11." *Mander*, 2015 U.S. Dist. LEXIS 53551, at *6. Vacating an arbitration award requires "a showing of one of the grounds listed in the Federal Arbitration Act or [that] the arbitrator act[ed] in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).

When there are multiple defendants, Rule 54(b) "authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that there is 'no just reason for delay.'" *Mander*, 2015 U.S. Dist. LEXIS 53551, at *4 (citing Fed. R. Civ. P. 54(b)). In actions charging multiple defendants with joint liability, "judgment cannot be entered against a defendant 'until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'" *Id.* A default judgment should not produce "logically inconsistent judgments

resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment." *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434 (E.D. Va. 2006).

Here, Plaintiff is seeking $303,084.98, together with interest at the post judgment rate until paid, plus $400.00 for the cost of this action, ECF No. 6 at ¶ 3, for Defendants alleged breach of the franchise agreement between the parties, ECF No. 6-1 at ¶ 2. This claim is covered by the arbitration clause of the agreement signed by Plaintiff and both Defendants. *See* ECF No. 1-2 at 6–7. The arbitration agreement states that the arbitrator must apply the substantive laws of Maryland and that judgment "on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland." *Id.*

Plaintiff's breach of contract claim was properly before the AAA under the arbitration clause of the parties' franchise contract. *Id.* The Arbitrator conducted the arbitration and issued its award pursuant to the substantive law of the State of Maryland. ECF No. 10 at ¶¶ 4, 10. And, while "no in-person hearing was held in the State of Maryland, the parties were given the notice and opportunity to pursue the claim in-person in the State of Maryland." *Id.* at ¶ 7. The Court finds no reason in the record to question the validity of the franchise agreement, the arbitration agreement, or the conduct of the Arbitrator.

Plaintiff requests $400 for the costs of this action, which was not requested in the original application to confirm the arbitration award. *See* ECF Nos. 1 & 6. Because a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c), the Court will deny that portion of the motion. Defendants, jointly and severally, are ORDERED to pay Plaintiff $303,084.98, plus post-judgment interest until paid, ECF No. 1 at

2. Accordingly, Defendants are found liable for breach of contract as determined by the Arbitrator and Plaintiff's Request for Default Judgment is GRANTED, in part, and DENIED, in part.

## III.   CONCLUSION

For the reasons discussed, Plaintiff's Request for Judgment by Default (ECF No. 6) is GRANTED, in part, and DENIED, in part. Defendants, jointly and severally, are ORDERED to pay Plaintiff $303,084.98, plus post-judgment interest until paid. A separate Order follows.

Date: February 22, 2016

GEORGE J. HAZEL
United States District Judge

6